# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAMBIO TELECOM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | NO. 1:21-04412-MLB |
| FX1 MOBILE, LLC, KIL WON ) | |
| "DAVID" LEE, and JOHN LEE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

**NOW COMES** Kambio Telecom, LLC ("Plaintiff" or "Kambio") and, for its Complaint against FX1 Mobile, LLC ("FX1"), Kil Won "David" Lee ("D. Lee") and John Lee ("J. Lee"), states:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Florida limited liability corporation, with its principal place of business in Florida.

2. Plaintiff's sole member is Kambio Holdings, Inc., a Florida Corporation with its principal place of business in Florida.

3. Defendant FX1 is a Georgia limited liability corporation, with its principal place of business at 1 Glenlake Parkway NE, Suite 650, Atlanta, Ga. 30328.

4. On information and belief, Defendant FX1's members are Defendants

D. Lee and J. Lee, who reside in, and are citizens of, Georgia.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Court has personal jurisdiction over Defendants, because they are Georgia citizens and are located, and conduct substantial business, within the Northern District of Georgia.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a), because Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff Kambio formerly operated certain T-Mobile retail stores in Florida. One of these was located at 2924 N. Roosevelt Blvd in Key West (the "T-Mobile Store").

9. On or about October 24, 2018, Kambio and FX1 executed a Purchase and Sale Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

10. On information and belief, Defendants D. Lee or J. Lee executed the Agreement on behalf of FX1.

11. Pursuant to the Agreement, Plaintiff agreed to sell the T-Mobile Store

to Defendant FX1 in exchange for certain valuable consideration.

12. More specifically, Plaintiff "agree[d] to sell and assign to [Defendant] . . . the rights to the Leasehold Interests and any personal property or furniture, fixtures or equipment contained" in the T-Mobile Store.

13. In accordance with the Agreement, Plaintiff did sell the aforementioned to Defendant and, indeed, Defendant has been in possession of said items, and operating the T-Mobile Store, since 2018.

14. In exchange, Defendant FX1 agreed to pay Plaintiff "a total purchase price of $225,000" in installments. The last installment was due to be paid on or before February 28, 2019.

15. To date, however, Defendant FX1 has paid Plaintiff nothing.

16. Defendant FX1 is the actual, implied and/or apparent agent of Defendants D. Lee and J. Lee.

17. Per the Agreement, Defendant FX1's "owner(s) and[] partner(s) . . . personally guarantee[d] the fulfillment of all payments."

18. On information and belief, Defendant FX1's owners and partners include Defendants D. Lee and J. Lee.

19. Accordingly, Defendants D. Lee and J. Lee also agreed to pay all moneys due to Plaintiff under the Agreement.

20. At all material times, Plaintiff has cooperated reasonably and in good

faith with Defendants.

21. Plaintiff, furthermore, has satisfied all conditions precedent to this suit.

## COUNT 1
**(Breach of Contract)**

22. Plaintiff repeats and realleges the allegations of paragraphs 1-21, above, as if fully set forth herein.

23. Plaintiff and Defendant FX1 executed the Agreement.

24. Plaintiff satisfied all conditions precedent, and fully performed its obligations, under the Agreement.

25. Without justification or excuse, Defendant FX1 materially breached the Agreement by, *inter alia*, failing to pay $225,000 to Plaintiff.

26. Due to Defendant FX1's material breaches of the Agreement, Plaintiff is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 2
**(Breach of Contract)**

27. Plaintiff repeats and realleges the allegations of paragraphs 1-21, above, as if fully set forth herein.

28. Plaintiff satisfied all conditions precedent, and fully performed its obligations, under the Agreement.

29. Without justification or excuse, Defendant FX1 failed to pay $225,000

to Plaintiff.

30. Defendants D. Lee and J. Lee agreed that, in the event FX1 failed to pay Plaintiff, they would pay all moneys due to Plaintiff under the Agreement.

31. Defendants D. Lee and J. Lee have failed to do so and, thus, have breached the Agreement.

32. Due to Defendants' material breaches of the Agreement, Plaintiff is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 3
### (Fraud, Aiding and Abetting Fraud, and Conspiracy to Defraud)

33. Plaintiff repeats and realleges the allegations of paragraphs 1-21, above, as if fully set forth herein.

34. Defendants represented that, upon the sale to FX1 of the T-Mobile Store, one or more of them would pay "a total purchase price of $225,000" to Plaintiff

35. To date, Defendants have paid Plaintiff nothing.

36. At the time of execution of the Agreement, Defendants did not intend to pay Plaintiff, and thus their representations were false. Defendants intended to deceive Plaintiff.

37. Defendants agreed to make this misrepresentation to Plaintiff and assisted each other in doing so.

5

38. Plaintiff reasonably relied to its detriment on Defendants' misrepresentations by (1) executing the Agreement and (2) selling the T-Mobile Store to FX1.  Plaintiff has been damaged by Defendants' misrepresentations.

39. Plaintiff hereby demands that it be reimbursed for its damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

40. Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 4
**(Attorney's Fees)**

41. Plaintiff repeats and realleges the allegations of paragraphs 1-21, above, as if fully set forth herein.

42. Defendants have acted in bad faith, been stubbornly litigious and caused Plaintiff unnecessary trouble and expense, and therefore, Plaintiff is entitled to recover its expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11 or otherwise.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

**WHEREFORE**, Plaintiff Kambio Telecom, LLC respectfully prays for judgment in its favor and against Defendants as follows:

(a) Awarding Plaintiff presumed, special and general damages, together with interest thereon;

(b) Awarding Plaintiff punitive damages in an amount to be determined by the enlightened conscience of the jury;

(c) Awarding Plaintiff its reasonable attorneys' fees, costs and expenses of litigation pursuant to O.C.G.A. §13-6-11 or as otherwise permitted by law; and

(d) Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated this 22nd day of October, 2021.

                                  Respectfully submitted,

                                  KAMBIO TELECOM, LLC,

                                  By: _/s/ David Hopkins_____

                                  J. David Hopkins, Esq.
                                  Georgia Bar No. 366505
                                  J. David Hopkins Law, LLC
                                  130 Barksdale Drive
                                  Atlanta, Ga. 30309
                                  404-353-5184 (o)
                                  dhopkins@jdhopkinslaw.com